IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SORGEN, | No. C 05-03172 TEH |
|     Plaintiff, | |
| v. | **ORDER REMANDING CASE** |
| THE CITY AND COUNTY OF SAN FRANCISCO, et al., | |
|     Defendants. | |

On September 7, 2006 this Court denied Plaintiffs' motion for partial summary judgment and granted in part and denied in part Defendants' motion for summary judgment. As a result of these rulings, all of Plaintiff's federal claims were dismissed, along with several state law claims. One state law claim for violation of California Penal Code § 853(6)(i) remains. Plaintiff subsequently requested that the Court remand this remaining claim to the state court in which the action was originally filed. The Court asked the parties to submit letter briefs regarding this matter by September 28, 2006, and the issue was argued on September 29, 2006. Having carefully considered the parties' written and oral arguments, and the entire record herein, the Court grants Plaintiff's request to remand the remaining state law claim for violation of Calif. Penal Code § 853(6)(i) to state court.

1   It is within the district court's discretion whether to remand state claims to state court in the event all federal claims are dismissed prior to trial. *Harrell v. 20th Century*, 934 F.2d 203, 205 (9th Cir. 1991). The Court has weighed the relevant factors of economy, convenience, fairness, and comity, and concludes that, on balance, these factors weigh in favor of a remand. As Defendants emphasize, the factor of economy weighs in favor of retaining the action since this Court is familiar with the state law claim and the underlying facts. This is a relatively simple case, however, with one plaintiff, two defendants, and uncomplicated facts. Thus, this factor, alone, does not persuade the Court that retention of the state law claim is appropriate.

Nor do Defendants identify any significant prejudice that would result from a remand. While they note that Defendants have a general interest in bringing cases to conclusion, they have identified no specific prejudice that would result from a remand. Further, as the Court noted at the hearing, the trial date in this case would have to be continued in any event because of a conflict with this Court's calendar that requires the undersigned to be out of the state on the scheduled trial dates. Accordingly, a delay of some duration, and the attendant inconvenience that may cause, would be inevitable even if the case were retained in federal court.[1]

Significantly, a remand would further the interests of comity because it would permit the state courts to preside over a case that now consists only of state law. This is particularly true where, as here, there is relatively little state law addressing Penal Code § 853(6), and there are no reported cases involving the same issues as those asserted here. Defendants' suggestion that a remand does not further the interests of comity because it could lead to possible inconsistent rulings appears highly unlikely given legal doctrines such as law of the case and *res judicata* that are designed to avoid such issues.

---

[1] Defendants also raised the possibility that a state court might reopen discovery but were not familiar with the governing state court rules on this subject. It thus appears that this concern is purely speculative. Indeed, given that the parties have had ample opportunity to conduct and complete discovery, there is no readily apparent reason (and Defendants offer none) as to why a state court would be obliged to re-open discovery proceedings as a result of a remand.

Finally, a remand allows the Plaintiff to try his remaining state law claim for violation of Cal. Penal Code § 853(6)(i) in his original choice of forum.

Accordingly, and good cause appearing, it is HEREBY ORDERED that:

1. Plaintiff's request to remand this action is granted.

2. Plaintiff's remaining state law claim – that Defendants violated California Penal Code § 853(6)(i) – is REMANDED FORTHWITH to the Superior Court for the City and County of San Francisco pursuant to 28 U.S.C. § 1367(c)(3).

**IT IS SO ORDERED.**

Dated: October 4, 2006

THELTON E. HENDERSON
UNITED STATES DISTRICT JUDGE