United States District Court

For the Northern District of California

1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4

5    WILLIAM SORGEN,

6                    Plaintiff,

7         v.

8    THE CITY AND COUNTY OF SAN
     FRANCISCO, SAN FRANCISCO
9    POLICE CHIEF HEATHER FONG,
     SAN FRANCISCO POLICE
10   OFFICER BRIAN OLIVER (#776)
     AND DOES 1-20,

11

12                  Defendants.

CASE NO. 05-CV-03172 TEH

ORDER GRANTING
DEFENDANTS' MOTION
FOR REVIEW OF CLERK'S
TAXATION OF COSTS

13

14        This matter comes before the Court on Defendants' Motion for Review of Clerk's

15   Taxation of Costs.  Having carefully reviewed the parties' papers, and the record herein, the

16   Court GRANTS Defendants' Motion for Review of Clerk's Taxation of Costs for the reasons

17   stated herein.  The Court further orders that Plaintiff shall pay Defendants' costs in the

18   amount of $4,987.

19

20   **BACKGROUND**

21        On September 7, 2006, this Court granted Defendant's motion for Summary Judgment

22   on all claims except one state law claim.  On October 5, 2006, this Court declined to exercise

23   supplemental jurisdiction over the remaining state law claim and granted Plaintiff's request

24   for remand to state court.

25        On October 18, 2006, Defendants filed a bill of costs in the amount of $4,987 for

26   court fees and other costs associated with the litigation.  On October 30, 2006, Plaintiff filed

27   an opposition to strike Defendants' bill of costs arguing that (1) Defendants have waived

28   their costs due to untimely filing, and (2) Defendants are not prevailing parties because a

1  final judgment has not been entered. Alternatively, he argues that costs should be denied to

2  prevent a chilling effect on other civil rights litigants pursuing litigation against the State.

3          Upon review of the parties' papers, the Clerk of the Court denied the taxation of costs

4  on November 20, 2006 reasoning that a "judgment has not been entered."  On November 29,

5  2006, Defendants filed the instant motion to review the Clerk's denial of costs.  Defendants

6  contend that the bill of costs was timely filed, that they are prevailing parties in the action

7  and are entitled costs because a remand order is considered a "judgment" within the meaning

8  of Rule 54.  Defendants further contend that Plaintiff has not supported his contention that

9  costs should be denied due to the potential chilling effect on civil right's litigants.

10

11  **LEGAL STANDARD**

12          Rule 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of

13  course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1).

14  This rule creates a presumption in favor of awarding costs to the prevailing party. *Ass'n of*

15  *Mexican-American Educators v. State of Calif.*, 231 F.3d 572, 591 (9th Cir. 2000)(en banc).

16          The federal rule provides little guidance as to the time to file a motion to recover

17  costs.  However, under this District's local rules, a prevailing party must file a bill of costs no

18  later than 14 days after entry of judgment.  Civ. L. R. 54-1.  A party may oppose the bill of

19  costs within 10 days after service and file objections stating specific grounds as to each

20  objection.  Civ. L. R. 54-2(a).  The parties are also required to meet and confer and make a

21  good faith effort to resolve any disagreement.  Civ. L. R. 54-2(b).

22          Generally, the Clerk of the Court makes the initial determination to tax the costs as

23  submitted by the parties.  10 MOORE'S FEDERAL PRACTICE § 54.100[2] at 54-143 (3d ed.

24  1997).  The action of the clerk may be reviewed by the court by motion within 5 days after

25  notice of the clerk's decision.  Fed. R. Civ. P. 54(d)(1).  However, if no such motion is filed

26  within 15 days of the Clerk's taxation of costs, the Clerk's determination of costs shall be

27  final.  Civ. L. R. 54-5.  A trial court has considerable discretion in awarding or denying costs.

28   *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 233 (1964)(The judge has considerable

United States District Court
For the Northern District of California

1 discretion "to decide the cost question himself"). On a timely motion for review, the district

2 court makes a *de novo* determination of the costs at issue. *Lopez v. San Francisco Unified*

3 *Sch. Dist.*, 385 F. Supp. 2d 981, (D. Cal. 2005). However, a court may not tax costs beyond

4 those authorized by statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42

5 (1986).

6

7 **DISCUSSION**

8        As noted above, Defendants contend that they are entitled to costs because a final

9 judgment was entered in their favor and thus they are prevailing parties within the meaning

10 of Rule 54(d)(1). Plaintiff argues that Defendants are not prevailing parties because no final

11 judgment has been entered, given the remaining issue in state court. Plaintiff further objects

12 to Defendants' bill of costs stating that it was untimely filed and that it would discourage

13 future civil rights litigants from pursuing actions.

14

15 **1. The Bill Of Costs Was Timely Filed**

16        While Rule 54(d)(1) is silent as to when to file a motion for taxation of costs, the

17 local rules provide that "a prevailing party must file a bill of costs no later than 14 days after

18 entry of judgment." Civ. L. R. 54-1. Plaintiff argues that Defendants' bill of costs was not

19 timely because it was filed more than 14 days after the partial summary judgment ruling

20 issued on September 7, 2006. Defendants contend that there was no judgement until October

21 5, 2006, when this Court remanded the remaining state claim.

22        Partial summary judgments "are by their terms interlocutory." *Liberty Mut. Ins. Co.*

23 *v. Wetzel*, 424 U.S. 737, 744 (1976). The remand order, however, effectively eliminated

24 federal jurisdiction as to all of Plaintiff's claims, and thus constituted a judgment, as

25 discussed *infra*, for purposes of Civil Local Rule 54-1. As such, Defendants' Bill of Costs

26 was timely because it was filed within 14 days of the October 5, 2006 order remanding the

27 case to state court.

28

**United States District Court**
For the Northern District of California

1  **2. The Remand Does Not Preclude Defendants' Bill of Costs**

2        Plaintiff also contends that Defendants' request for costs is premature because the

3  remanded state claim has not yet been resolved.

4        It is generally understood that "the appropriate time for taxing costs is after a decision

5  has been reached in the action."  10 WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND

6  PROCEDURE  § 2679 at 482 (3d ed. 1998).  The rule does not specifically require an entry of a

7  valid final judgment. Moreover, the pending state action does not affect the finality of the

8  federal litigation.  *United States v. Rice*, 327 U.S. 742, 751-752 (1946); *Libhart v. Santa*

9  *Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979).  The federal litigation was complete

10  once the federal claims were disposed of and the remaining state law claim was remanded.

11  Indeed, at this point the federal court no longer had jurisdiction over any aspect of the case.

12  Accordingly, the pendency of the state court claim does not preclude Defendants' bill of

13  costs.[1]

14

15  **3. Defendants Are "Prevailing Parties"**

16        Rule 54(d)(1) provides that a District Court has jurisdiction to tax costs as a matter of

17  course to the "prevailing parties in the litigation.  Fed. R. Civ. P. 54(d)(1)(citations omitted).

18  Plaintiff argues that Defendants are not prevailing parties because (1) the case is still active

19  in state court, and (2) Defendants did not prevail as to all issues in their Summary Judgment

20  motion.  Plaintiff's contentions are without merit.

21        A defendant is considered "the prevailing party when the proceeding is terminated by

22  court-ordered dismissal or judgment in favor of defendant."  *Contessa Food Prods. v.*

23  *Lockpur Fish Processing Co.*, 2001 U.S. Dist. LEXIS 26000, *32 (C.D. Cal. 2001)*(aff'd and*

24  *rev'd on other grounds).*  Additionally, a  prevailing party is one that won at trial,

25  irrespective of whether or not that party prevailed on all issues.  *K-2 Ski Co. v. Head Ski Co.*,

26

27        [1]The Court notes that while there is no Ninth Circuit authority relating to taxation of
costs following a remand order, a Fourth Circuit unpublished opinion is directly on point. In

28  *Lepore v. Ramsey*, 986 F.2d 1414 (4th Cir. 1993), the court affirmed taxation of costs after
defendants prevailed on federal claims and state claims were remanded.  *Id.* at *2.

4

**United States District Court**

For the Northern District of California

1  506 F.2d 471, 477 (9th Cir. 1974)(The court found that plaintiff was the prevailing party

2  although he did not sustain his entire claim); *Manildra Milling Corp. v. Ogilvie Mills, Inc.*,

3  878 F.Supp. 1417, 1424 (D. Kan. 1995).  Here, this Court awarded summary judgment in

4  favor of Defendants on all adjudicated claims except for the one claim that was remanded to

5  state court.  Further as discussed above, Plaintiff's pending state action does not effect the

6  finality of the federal action.  Defendants qualify as "prevailing parties" within the meaning

7  of Rule 54(d)(1).

8

9  **4.  Civil Rights Litigants Are Not Immune From Paying Costs**

10        Finally, Plaintiff contends that imposing costs on a civil rights litigant will cast a

11  chilling effect on future civil rights cases, citing A*ss'n of Mexican-American Educators v.*

12  *State of California*.   That action involved difficult state-wide issues of public importance in

13  which the cost bill totaled $216,443.67.  *Ass'n of Mexican-American Educators*, 231 F.3d at

14  579.  The district court denied costs to Defendants for the following reasons:

15        (1) the case 'involves issues of substantial public importance,' specifically
      'educational quality, interracial disparities in economic opportunity, and access
16        to positions of social influence'; (2) there is great economic disparity between
      Plaintiffs, who are individuals and 'small nonprofit educational organizations',
17        and the State of California; (3) the issues in the case are close and difficult; and
      (4) Plaintiffs' case, although unsuccessful, had some merit.
18
*Id.* at 592.
19
        Plaintiff contends that economic disparity exists between Plaintiff and Defendants and
20
that the instant case involves  important legal questions.  However, this case differs
21
dramatically from *Ass'n of Mexican-American Educators* in many respects.  *Ass'n of*
22
*Mexican-American Educators* involved a state-wide test that affected minority teachers in the
23
education system throughout California.  *Id.*  Here, Plaintiff's case concerns a challenge to an
24
individual arrest.  Nor has Plaintiff provided any evidence documenting indigency or
25
inability to pay.  Moreover, some courts have held that limited financial resources do not
26
necessarily warrant denial of costs in all instances.  *Ardalan v. Monterey Inst. of Int'l Studies*,
27
2004 U.S. Dist. LEXIS 18765, *8 (N.D. Cal. 2004); *Smith v. Southeastern Pa. Transp. Auth.*,
28

United States District Court

For the Northern District of California

1  47 F.3d 97, 100 (3d Cir. 1995)(The court held that a losing party's inability to pay does not

2  automatically exempt it from the taxation of costs).  Further, the relatively modest amount of

3  costs at issue is unlikely to chill future civil rights litigants.  *Save Our Valley v. Sound*

4  *Transit*, 335 F.3d 932, 946 (9th Cir. 2002)( The court found that denial of costs were not

5  warranted as "no such injustice will result from [an] award of $ 5,310.55"); *Monterey Inst. of*

6  *Int'l Studies*, 2004 U.S. Dist. LEXIS at *13 (An award of $ 2,838.35 is not such an exorbitant

7  amount to chill future civil rights litigants)(citations omitted).

8      While the Court is not insensitive to Plaintiff's argument, it is not persuaded that this

9  is an instance where denial of costs is required to avoid a chilling effect in future cases.

10  *Odbert v. U.S.*, 576 F. Supp. 825, 828 (E.D. Cal. 1983).

11

12  **5.  The Costs Sought By Defendant Are Warranted By The Rules**

13      Defendants seek costs in the amount of $4,987 for the following items: Fees for the

14  Clerk: $250, Fees for Service: $13, Court Reporter Fees: $4,624 and Fees for Witnesses:

15  $100.  These costs are warranted under both 28 U.S.C. § 1920 and Civil Local Rule 54-3.

16      Civil Local Rule 54-2 provides that the Plaintiff must specifically object to each item

17  in the bill of costs within 10 days after service.  Plaintiff has had two instances to object to

18  Defendants' costs, after Defendants filed their bill of costs and after Defendants filed a

19  motion to review the Clerk's taxation of costs.  Plaintiff has failed to object in either instance

20  and instead requests that the Court set a briefing schedule so that he may object to

21  Defendants' costs.  This Court declines to set a briefing schedule when Plaintiff has had two

22  instances to object but failed to do so.  Plaintiff has not challenged Defendants' costs, either

23  showing that they are unreasonable, unnecessary or improper.   10 WRIGHT, MILLER &

24  KANE, FEDERAL PRACTICE AND PROCEDURE § 2668 at 232-238.   Accordingly, Defendants'

25  request for costs shall be approved for the amount requested.

26

27

28

1  **CONCLUSION**

2      Accordingly, and good cause appearing, it is HEREBY ORDERED that Defendants'

3  Motion For Review of Clerk's Taxation of Costs is GRANTED and Plaintiff's Motion to

4  Strike Defendants' Bill of Costs is DENIED.

5      Defendants are entitled to the following costs:  Fees for the Clerk: $250, Fees for

6  Service: $13, Court Reporter Fees: $$4,624 and Fees for Witnesses: $100, totaling $4,987.

7

8  **IT IS SO ORDERED.**

9

10  DATED ___2/14/07___

11                     THELTON E. HENDERSON, JUDGE
                       UNITED STATES DISTRICT COURT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7