IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAM SORGEN,

                Plaintiff,

v.

THE CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO POLICE CHIEF HEATHER FONG, SAN FRANCISCO POLICE OFFICER BRIAN OLIVER (#776) AND DOES 1-20,

                Defendants.

CASE NO. 05-CV-03172 TEH

<u>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION</u>

       This matter comes before the Court on Plaintiff's Motion for Leave To File a Motion for Reconsideration. Having carefully reviewed the parties' papers, and the record herein, the Court denies Plaintiff's Motion for Leave To File a Motion for Reconsideration for the reasons stated herein. The Court further denies Plaintiff's request to stay costs pending appeal.

**BACKGROUND**

       On September 7, 2006, this Court granted Defendant's motion for Summary Judgment on all claims except one state law claim. On October 5, 2006, this Court declined to exercise supplemental jurisdiction over the remaining state law claim and granted Plaintiff's request for remand to state court.

       On October 18, 2006, Defendants filed a bill of costs in the amount of $4,987 for court fees and other costs associated with the federal litigation. On October 30, 2006, Plaintiff filed an opposition to strike Defendants' bill of costs. Plaintiff did not assert any

1  objections to the specific costs sought, but instead argued that Defendants were not eligible
2  to recover costs at all.
3       Upon review of the parties' papers, the Clerk of the Court denied the taxation of costs
4  on November 20, 2006 reasoning that a "judgment has not been entered."  On November 29,
5  2006, Defendants filed a motion to review the Clerk's denial of costs.
6       On February 14, 2007, this Court granted Defendants' motion to review the Clerk's
7  denial of costs and further ordered that Plaintiff pay $4,987 in costs.  Following the grant of
8  Defendants' costs, Plaintiff filed the instant motion for leave to file a motion for
9  reconsideration.

10
11  **LEGAL STANDARD**
12       A party must apply for leave to file a motion for reconsideration pursuant to Civil
13  Local Rule 7-9.  Civ. L. R. 7-9(a).  Under the local rules, the moving party must specifically
14  show: (1) a material difference in fact or law exists from that which was presented to the
15  Court before the entry of the interlocutory order for which the reconsideration is sought; (2)
16  the emergence of new material facts or a change of law occurring after the time of such
17  order; or (3) the court failed to consider material facts or dispositive legal arguments that
18  were presented to the Court.  Civ. L. R. 7-9(b).  When making a motion for leave for
19  reconsideration, the party may not repeat any oral or written arguments presented to the
20  Court in support or in opposition to the interlocutory order which the party now seeks to have
21  reconsidered.  Civ. L. R. 7-9(c).
22
23  **DISCUSSION**
24       Plaintiff contends that this Court should allow him leave to file a motion for
25  reconsideration on three separate grounds: (1) a change of facts occurred because Plaintiff is
26  now requesting a final judgment pursuant to Federal Rule of Civil Procedure 54(b); (2) the
27  Court failed to address Plaintiff's argument that an entry of final judgment must be based on
28  an express determination; and (3) the Court failed to address Plaintiff's argument that he is

2

entitled to object to the specific items set forth in Defendants' bill of costs.  Alternatively, Plaintiff seeks a stay of costs pending appeal. The Court addresses these issues in turn.

**1.  Entry of Final Judgment Pursuant to FRCP 54(b)**

Plaintiff contends that this Court should have entered a final judgment under Rule 54(b) as a prerequisite to awarding costs, and in any event such a judgment should be entered to provide Plaintiff a basis for his request for a stay pending appeal.

Rule 54(b) states in pertinent part:

> when more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed. R. Civ. P. 54(b).  Rule 54(b) is permissive; a court may, in its discretion, certify a judgment as "final" in order for a party to obtain an interlocutory appeal.  10 WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE  § 2654 at 33-36.  Rule 54(b) generally involves a case in which one or more claims have been adjudicated against one or more parties and the remaining claims are still pending in federal court.  *id.* at § 2656.  Plaintiff argues that Rule 54(b) is applicable because the Court granted a partial summary judgment adjudicating Plaintiff's federal claims, but not his remaining state law claim which was remanded to state court.   Plaintiff, however, does not cite to any authority, and the Court is not aware of any authority where Rule 54(b) has been applied to a case which has been remanded back to state court with no issues to be resolved in federal court.  *id.* at § 265 (finding that no [Rule 54(b)] certificate is needed if no claims remain pending).  Thus, the Court deems that entry of final judgment pursuant to Rule 54(b) is not appropriate in this case.  Accordingly, the Court rejects Plaintiff's argument that the Court erred by failing to issue a Rule 54(b) judgment when it dismissed all the federal claims and remanded the remaining state claim.

3

**2. Entry of Final Judgment to Award Costs**

Plaintiff's second argument, that an entry of final judgment is necessary to award costs, is also misplaced. This Court previously noted that "it is generally understood that the appropriate time for taxing costs is after a decision has been reached in the action. The rule does not specifically require an entry of a valid final judgment." Order Granting Review For Taxation of Costs, Feb. 14, 2007, 4:4-7. Rather, the grant of costs pursuant to FRCP 54(d) is awarded to the "prevailing party." Fed. R. Civ. P. 54(d). The federal litigation concluded in Defendants favor, and thus they are "prevailing parties" within the meaning of Rule 54(d) irrespective of whether or not they prevailed on all issues. *K-2 Ski Co. v. Head Ski Co.*, 506 F.2d 471, 477 (9th Cir. 1974) (The court found that plaintiff was the prevailing party although he did not sustain his entire claim).

Moreover, the fact that Plaintiff is now asserting that a final judgment should be entered under FRCP 54(b) does not constitute a change in facts. The Court has already addressed Plaintiff's general argument that Defendants' bill of costs should be stricken because the Court had not issued a final judgment. In requesting a leave to file a motion for reconsideration, a party may not assert previous oral or written arguments presented to the Court. Civ. L. R. 7-9(c). Plaintiff's argument regarding the lack of a final judgment is redundant to his previous written arguments made to the Court when objecting to Defendants' bill of costs.

**3. Plaintiff's Objections to Defendants' Specific Costs**

Lastly, Plaintiff argues that the Court committed error by failing to address Plaintiff's argument that he is entitled to oppose the specific costs sought by Defendant. The Court did, however, address this argument and concluded that "Plaintiff had two opportunities to object, after Defendants filed their bill of costs and after Defendants filed a motion to review the Clerk's taxation of costs, but Plaintiff failed to object to the specific costs sought in either instance and instead requested a briefing schedule." As the court thus indicated, the Local Rules do not provide for parties to have a second opportunity to assert objections to specific cost items if their other arguments are not accepted. Instead, Local Rule 54-2 provides that a

4

1  party against whom costs are claimed *must* serve and file specific objections" within 10 days
2  after service of the bill of costs. (emphasis added).  This would include any objections of the
3  specific costs sought.  A failure to timely object to costs constitutes a waiver. *Walker v.*
4  *California*, 200 F.3d 624, 626 (9th Cir. 2000).  While Plaintiff is entitled to oppose
5  Defendants' costs, the Court concluded that Plaintiff waived his rights when he failed to
6  make a timely objection to Defendants' costs.[1]

**4. Stay Costs Pending Appeal**

Alternatively, Plaintiff asks for this Court to stay costs pending appeal or writ pursuant to Federal Rule of Civil Procedure 62.  Rule 62 provides multiple bases for obtaining a stay pending appeal.[2]  Plaintiff appears to rely on 62(h) which provides that costs should be stayed pursuant to a final judgment under Rule 54(b).  As discussed above, however, Rule 54(b) has no application in the instant case.  Nor has Plaintiff presented any other grounds in Rule 62 to support a stay of costs pending appeal. *See e.g. Pixion Inc. v. Placeware Inc.*, 2005 U.S. Dist. LEXIS 11351, *5 (N.D. Cal. May 25, 2005).  Accordingly, his request for a stay pending appeal shall be denied.

---

[1] On further procedural grounds, Local Rule 54-2(b) also requires the objecting party to meet and confer with counsel as to any disagreements over costs. Plaintiff provides no evidence of meeting and conferring with Defendants as required by Local Rule 54-2(b). Plaintiff's failure to comply with this Local Rule is further grounds for denying Plaintiff's request for leave to assert objections now.

[2] Rule 62 provides that a party may obtain a stay in the following instances: (a) Automatic stay except cases involving injunctions, receiverships, and patent accountings; (b) Stay on a motion for new trial or for judgment; (c) Stay on injunctions pending appeal; (d) Stay upon appeal by giving a supersedeas bond; (e) Stay in favor of the United States or agency thereof; (f) Stay according to state law where the judgment is a lien on property; (h) Stay of judgment as to entry of final judgment pursuant to Rule 54(b).

**CONCLUSION**

Accordingly, and good cause appearing, IT IS HEREBY ORDERED that Plaintiff's Motion for Leave To File a Motion for Reconsideration is DENIED.  Additionally, Plaintiff's request to stay costs pending appeal is also DENIED.

**IT IS SO ORDERED.**

DATED   5/17/07

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT